IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

RECEIVED
JAN 04 2018
RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

TYRONE R. JOHNSON
(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

IF THE PLAINTIFF IS A PRISONER: PRISONER # 555-063

2:18cv006

VS.

MICHAEL HUMPHREY, et al.
(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

Judge Marbley

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:
RONALD ERDOS   LARRY GREENE   LINNEA MAHLMAN

WALTER SAMMONS   D. MCCROSKEY   HAROLD BELL

LT. EACHES   LT. RODGERS   UNIT MANAGER OPPY

MR. WEAKS   WILLIAM COOL   MAJOR WARREN

ANTHONY CADOGAN   CYNTHIA DAVIS

**COMPLAINT**

I.  PARTIES TO THE ACTION:

PLAINTIFF:  PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE NUMBER IS REQUIRED.

TYRONE R. JOHNSON
NAME - FULL NAME PLEASE - PRINT

P.O. BOX 45699
ADDRESS: STREET, CITY, STATE AND ZIP CODE

LUCASVILLE, OHIO 45699

TELEPHONE NUMBER

IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT, A SEPARATE PIECE OF PAPER SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES, ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE WITH THIS FORM.

PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED AT THE TIME OF FILING THIS COMPLAINT.

-1-

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED:

PREVIOUS LAWSUITS:

- A. HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES ( ) NO (X)

- B. IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

    1. PARTIES TO THIS PREVIOUS LAWSUIT

        PLAINTIFFS:

        _____

        _____

        _____

        DEFENDANTS:

        _____

        _____

        _____

    2. COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT, NAME THE COUNTY)

        _____

    3. DOCKET NUMBER

        _____

    4. NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED

        _____

    5. DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)

        _____

    6. APPROXIMATE DATE OF THE FILING OF THE LAWSUIT

        _____

    7. APPROXIMATE DATE OF THE DISPOSITION

        _____

PLACE OF PRESENT CONFINEMENT

A. IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION? YES (X) NO ( )

B. DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE PRISONER GRIEVANCE PROCEDURE? YES ( ) NO ( )

C. IF YOUR ANSWER IS YES:

   1. WHAT STEPS DID YOU TAKE?

      INFORMAL COMPLAINT

      GRIEVANCE

      GRIEVANCE APPEAL-TO CHIEF INSPECTOR

   2. WHAT WAS THE RESULT?

      AFFIRMED.

D. IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.

E. IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID YOU COMPLAIN TO PRISON AUTHORITIES? YES ( ) NO ( )

F. IF YOUR ANSWER IS YES:

   1. WHAT STEPS DID YOU TAKE?

   2. WHAT WAS THE RESULT?

DEFENDANTS:

PLACE THE NAME AND ADDRESS OF EACH DEFENDANT YOU LISTED IN THE CAPTION ON THE FIRST PAGE OF THIS COMPLAINT. THIS FORM IS INVALID UNLESS EACH DEFENDANT APPEARS WITH FULL ADDRESS FOR PROPER SERVICE.

1. MICHAEL HUMPHREY
   NAMES - FULL NAME PLEASE
   P.O. BOX 45699, LUCASVILLE, OHIO 45699
   ADDRESS - STREET, CITY, STATE AND ZIP CODE

2. MAILROOM SUPERVISOR MR. WEAKS
   P.O. BOX 45699, LUCASVILLE, OHIO 45699

3. K-SIDE UNIT MANAGER OPPY
   P.O. BOX 45699, LUCASVILLE, OHIO 45699

4. LINNEA MAHLMAN
   P.O. BOX 45699, LUCASVILLE, OHIO 45699

5. WARDEN RONALD ERDOS
   P.O. BOX 45699, LUCASVILLE, OHIO 45699

6. WARDEN ASSISTANT LARRY GREENE
   P.O. BOX 45699, LUCASVILLE, OHIO 45699

IF THERE ARE ADDITIONAL DEFENDANTS, PLEASE CONTINUE LISTING THEM.

7. ANTHONY CADOGAN
P.O. BOX 45699, LUCASVILLE, OHIO 45699
8. SGT. WALTER SAMMONS
P.O. BOX 45699, LUCASVILLE, OHIO 45699
9. D. MCCROSKEY
10. HAROLD BELL
11. LT. EACHES
12. LT. RODGERS
13. WILLIAM COOL
14. MAJOR WARREN
15. CYNTHIA DAVIS
ALL DEFENDANTS ARE LUCASVILLE, OHIO 45699.

## STATEMENT OF CLAIM

PLEASE WRITE AS BRIEFLY AS POSSIBLE THE FACTS OF YOUR CASE. DESCRIBE HOW EACH DEFENDANT IS INVOLVED. INCLUDE THE NAME OF ALL PERSONS INVOLVED. GIVE DATES AND PLACES.

DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.

IF YOU HAVE A NUMBER OF DIFFERENT CLAIMS; PLEASE NUMBER AND SET FORTH EACH CLAIM IN A SEPARATE PARAGRAPH. USE AS MUCH SPACE AS YOU NEED. YOU ARE NOT LIMITED TO THE PAPERS WE GIVE YOU. ATTACH EXTRA SHEETS THAT DEAL WITH YOUR STATEMENT CLAIM IMMEDIATELY BEHIND THIS PIECE OF PAPER.

1st CLAIM: DUE PROCESS VIOLATION AND PLACEMENT IN RESTRICTIVE HOUSING UNIT. On 3/1/17 at 1:00am, Johnson was woke up and taken from cell L2-09 to the k-side gymnasium stripped searched in a crowded room with several inmates in a small room, constantly being humiliated, while inmates were being told to spread their anus, as officers flashed flashlights inside inmates anus. At 2:30am, Johnson was taken inside gymnasium restroom where an unknown officer submitted a urine cup, Johnson urined inside the cup, officer began shaking the urine sample, then jokingly saying oh yeah, Johnson is dirty. Johnson then signed lab corps paperwork to send the sample for RE-test, Johnson also signed a $25.00 cash slip. Johnson had then requested a receipt that was not given, Officers told Johnson a copy would come through inmate mail. After nine days of being in restrictive housing unit, Sgt Branson read the ticket to Johnson, in which Johnson refused to sign, and asked who wrote the ticket? Johnson then asked the Sgt. for a copy of the lab test results, the Sgt stated that a copy of the lab results shall be given per R.I.B. On 3/10/17 Johnson was taken to R.I.B., Johnson asked the hearing officer for the officer who wrote the conduct report, and pointed out to the hearing officer that the time of offense was incorrect, as well as the location of the urine test. Johnson then requested to verify the test results, and asked what substance was in his system? The hearing officer stated that no lab results was present but he was notified by Lt. Michael Humphrey that results are positive, and if I wanted a copy, I should contact the Restrictive unit case manager. However the R.I.B. disposition stated that the board relied on conduct report and positive lab test that were not verified to date? Johnson contacted case manager, Warden Warden Assistant, Unit Manager, all to no prevail or production of the lab results. Warden Assistant, Larry Greene did not investigate the matter he

-5-

... and personally told me that I was being held for a making wine ticket, inwhich he took two months to deliver his decision and without my consent waived my appeal for further review to the Director. To date no copy was forwarded to me in regards to a false urine test.

Johnson then contacted Lt Michael Humphrey by informal complaint asking specifically the laboratory involved and identify what substance was in my urine in the informal complaint respond Lt Michael Humphrey respond was that on 3/1/17 I was urined and it arrived at 1904 Rtp,North Carolina,27709 3/2/17? In which caused question as to if the urine was sent,being that Lt Michael Humphrey was not the person who gave the urine screen,this Lt Humphrey did write the conduct report as if he had been the person responsible.

2nd CLAIM: JOHNSON WAS DENIED ADEQUATE LAW LIBRARY FOR 90 DAYS AND 60 DAYS RECREATION RESTRICTION WHEN NO OTHER DRUG SANCTION INMATES:

Johnson constantly corresponded through the inmate kite system asking the Unit Manager why am I being singled out to not recieve recreation? AS defined by Administration Rule 53-CLS-01,LPHU inmates shall be out of cell 2 hours.All other inmates in the LPHU recieved recreation,the Unit Manager did not explain or answer in my informal complaint instead Unit manager stated the Warden ended inmates receiving emails and Library.Also asked the unit manager why did inmates that came after Johnson was placed into a LPHU program and only stayed in the block 30-40 days? This unit manager discriminated further by stating that I had multiple rule 39's when in fact the R.I.B. disposition clearly states that this is Johnson first time drug sanction.

3rd CLAIM INSTITUTIONAL INSPECTOR DENIED GREVIANCE AND MADE HER OWN NOTIONS TO GIVE REASONS WHY INMATE CANT GET GRIEVANCE FORMS.

I make claim through proof that the Institutional Inspector Linnea Mahlman at SOCF.discriminate against inmates by not forwarding inmates Grievance forms and giving her own reasons.,After many months of contacting the Chief Inspector in Columbus Ohio,This Inspector still denies inmate their due process to raise claims. At SOCF there is a racist us against the blacks and inmates in general the Administration operates off.Every claim I

(STATEMENT OF CLAIM CONTINUED 1)

STATEMENT OF CLAIM CONTINUED 2

legitimately raised this inspector hidered the process by not answering or clearly telling the inmate it is not a Grievable matter

4th CLAIM DEPUTY WARDEN OF SPECIAL SERVICES WAS CONTACTED TO LET IT BE KNOWN THAT I WAS BEING DENIED ADEQUATE LAW LIBRARY MATERIALS(ANTHONY CADOGAN).

After many kites and nearly two months of no responds,Johnson then wrote grievances about this claim,Many kites were sent requesting legal materials but no inmate was recieving,not even books.SOCF Warden personally told inmates that if we want a library dont come to jail.I have two open cases (1)REVERSE AND REMAND BY THE COURT OF APPEALS,SIXTH APPELLATE DISTRICT, December 30,2016. And a civil rule 60(B) that is still pending.The no law library has made me not be able to meet a required deadline in rebuttal to the State.  SEE CASE L-17-1014

5th CLAIM AS RESULT OF BEING PLACED IN LPHU THE MAILROOM AT SOCF MAILED A MOTION TO THE COURT,RETURNED SENDER,EXTRACTED DOCUMENTS OUT OF THE MOTION RETURNED THE LEGAL MAIL 30 DAYS LATER AND PLACED 91¢ DUE ON THE ENVELOPE.

After recieving my legal mail through regular inmate mail,I immediately filed a informal complaint,then Greviance.The entire adminisration has been conspiring to deny me simple rights,and this act has went too far.

6th CLAIM EVERY SOCF ADMINISTRATION STAFF HAS DENIED ME APPROPRIATE SUPERVISION TO INVESTIGATE MY CLAIMS,ETC.
Starting at 3/1/17 after being placed in LPHU I contacted casemanager, unit manager,Lt Michael Humphrey,Warden,Warden Assistant,Captain,DWSS all to no prevail.This situation has caused emotion distress,I am a victim of cruel and unusual punishment,and my civil liberties guaranteed by the U.S. Constitution.

In this matter not only is the officer who conducted the urine screen is <u>not identified</u> LT.Michael Humphrey took responsibility for the entire process when this officer was not the officer who conducted the urine test.

At the Rules Infraction Hearing Johnson requested that the officer who conducted the test be presernt at the hearing. Although Johnson did refuse to sign the conduct report and Disposition by the hearing officer.

Johnson has been unfairly singled out for mistreatment in many ways including Racial discrimination. Johnson has been incarcerated more then 10 years, and never has an unidentified officer conducted a urine screen that is not identified on the conduct report, rrules infraction hearing, etc.

To date this officer is not identified, and it must be noted that theres no way that a Urine screen can be conducted on 3/1/17 at 3:44 pm and arrive at Rtp, North Carolina 3/2/17. I specifically told by Lt Michael Humphrey that the urine screens are packaged in sent by mail to Lab Corps 1904 Alexander Drive, Rtp, North Carolina, 27709? In this matter SOCF staff denied Johnson of procedural due process. At the hearing the officer denied that lab results was a part of the Hearing, but in the Hearing Officers Disposition, it stated that it relied on the conduct report and lab results?

If no lab results were present how can the officer rely on them? Johnson has not been given any lab results, or cash slip return to verify where the $25.00 was sent, SOCF cashiers office has denied Johnson a Cash return copy slip, but has stated that I must get a copy from Lt. Michael Humphrey?

This matter was taken to the Captain, warden Assistant, Warden and Johnson have contacted the Director by letter inregards of the many deprivation that caused false imprisonment in LPHU for 90 days. Johnson was placed on 60 day Recreation restriction, when no other inmate had that sanction, LPHU administrative Rules states all inmates must have 2 hours out of the cell daily. The facts that surrounded the matter were hidden, Johnson has a right to be free from unreasonable searches and seizers, theres no explanation why many inmates were taken inside a gymnasium small room, forced to get naked, spread their anus in a inhumane way, and officer flash flaslights in inmates anus, joking and making comments. This method violated Johnson Constitutional violations, there was no reason for justification for the invasive search.

This matter has amounted to cruel and unusual punishment as well as retaliation, SOCF staff has not mailed out legal and personal mail. In this matter my legal mail was extracted documents and given in return through regular mail, not legal mail. Johnson can prove that the day of the return no legal mail was signed for.

STATEMENT OF CLAIM CONTINUED 4

On August 6th,2017 Johnson had mailed a Motion to comply to the Lucas County,Court of Common Pleas,the mailing address was correct to the Court house,there was no reason for the mail to be returned to sender.No staff member is held accountable for these intentional inflicted actions that caused 90 days of limited privileged housing,denying Johnson 90 days of law libary or any libary.60 days of recreation ristriction to add insult to injury.

There has been a pattern of abuse that wont stop the staff at SOCF are not held to any standards or being questioned as to were the actions taken wer legitimate.

Further after being placed in LPHU housing Johnson was not only sigled out to not recieve recreation but to be properly placed in the LPHU program that allows inmates to complete the program in 30 days,not 90 days.

On May 31,2017 Sandra Craig gave inmates OHIO DEPARTMENT OF MENTAL HEALTH AND ADDICTION SERVICES,SUMMARY REPORT.Further many questions were directed to the LPHU unit manager in regards to why that Johnson has been singled out to not recieve fair process,and how can every inmate recieve recreation and Johnson not? Questions were not answered,instead the Unit manager lied and said Johnson has had multiple rule 39's which is not true,clearly the rules infraction board disposition states that Johnson is a first time sanction.

Johnson brings forth a 1983 civil lawsuit to adress these complaints in the most Honorable court and show that Johnson has been denied Due Process, Harrases and subjected to cruel and unusual punishment,denied Adequate Law Library,and that the Institutional Inspector Linnea Mahlman has conspired to not investigate claims,Johnson has been denied appropriate supervision ad defined by Administrative rule.

CLAIM 7. On 9/17/17 Johnson was placed in segregation for a Rule 18- Creating a Disterbance,Lt Eaches had made threats to killing Johnson as well as take Johnson's undearwear and socks when placing Johnson in a Feces covered cell with no Mattress. Johnson was held in the cell for nine hours before c/o Jordan and partner brought a feces covered mattress to the cell.

Johnson had made complaint about the feces covered mattress untill A.M. when correction officer had gotten a diffrent mattress but refused to touch or take the feces covered mattress out of the cell.On 9/19/17 Johnson had removed the mattress during inmate shower,no correction officer wanted to touch the matress.
Johnson then filed a informal complaint,then grievance in regards to this matter.

CLAIM 8. On 9/18/17 Seargeant D.MCCROSKEY did intentionally assault Johnson while awaiting R.I.B..Johnson had made complaint to Captain Clark and Lt Dyer while making rounds in segregation,Johnson arm is dislocated and experienced alot of pain being singled hand cuffed.Prior to being removed from Ohio State Penitentry against my will,Johnson had a double handcuff order due to the condition of being singled handcuffed to the back,Johnson had believed that the order should have been in the files. Lt Dyer explained that a double handcuff order will have to go through the Major at SOCF and not medical? Sgt.D.MCCROSKEY was present for this conversation at the crash gate,this officer came through the gate tightened and squeezing the handcuffs making it impossible for Johnson to bare the pain,Johnson then wrote an informal complaint then requested a grievance in regards to this matter.

On 9/18/17 Johnson also had requested the charging official at the Rules Infraction Board.Johnson was prolonged the process untill 9/26/17,Johnson was told he could not have the charging official and that he could rot in segregation,this was said by seargeant McCroskey. Johnson was granted five days time served,when Johnson had been in segregation for a total of nine da

STATEMENT OF CONTINUED CLAIM 5

STATEMENT OF CONTINUED CLAIM 6.

Although on 9/26/17 Johnson was granted release from Rules Infraction Board, Johnson was never released from segregation.

On 9/28/17 Johnson was being taken to the institution infirmary leg shackled and handcuffed behind my back, when Captain Harold Bell snatched Johnson, hurting Johnson's left shoulder. Lt. Rodgers then yanked Johnson's arm while squeezing johnson hand while cuffed and twisting Johnson's hand while cuffed damaging Johnson's nerve in his hands.

To add insult to injury Johnson was wrote a conduct report by Captain Bell for threats, Disobeying a direct order and disrespect. Johnson was never read any conduct report to this matter. No hearing was conducted in Johnson's presence, and no appeal process was given. The Institution Inspector has falsely stated in her disposition, that Johnson had refused to the hearing and appeal which is truly false. Johnson was placed in segregation for more then 40 days without any known conduct report.

CLAIM 9. On 9/17/17 Johnson was placed in a feces covered cell and was not given any cleaning supplies. No staff video record the incident or inspect the incident. Johnson had to use personal clothing and soap given in the packup to clean the mess, Johnson requested to be moved Johnson remained in cell J2-37 for 40 days. This amounted to cruel and unusual punishment.

Claim 10. Deputy Warden William Cool did not provide any supervision to my claims, instead this officer allowed the staff to continue violating my established rights. Through the inmate Kite system Johnson explained that he was never taken to Rules Infraction Board, never had notice of the conduct report by Captain Harold Bell and he never refused any hearing. The hearing was held in secret and no Appeal was given in this matter.

CLAIM 11. Warden assistant Larry Greene has knowingly denied Johnson Appeal relief. Johnson has Appealed every issue to Larry Greene in regards to false accusations made by officers that can be proven and insisting that there is visible DVR available to review each and every claim. This officer is denying inmates relief, DRC policy gives the assistant warden ultimate power to have the last say, unless a issue is serious and reffered to the misconduct panel, only then the warden appeal can be appealed to the Director. The issues are civil and must be contested.

CLAIM 12. Major Warren had delayed the informal complain resolution, and to add insult to injury Johnson had asked the Major how is it possible to be released from segregation but never be released, further this Major refused to give any answer and failed to provide adequate supervision on the issue.

CLAIM 13. Cynthia Davis-UMA WAS informed to each and every claim dealing with the assaults by staff members, threats, and even false classifications that her office failed to fix, I never should have to appeal issues that she could fix. This officer has failed to institution transfer Johnson, many other inmates are being transferred through request, Johnson was placed at SOCF-Lucasville August 2016 against his will, I was placed 4a in Ohio State Penitentry when Johnson was kidnapped and forced to Socf, Johnson had no conduct reports, or given any reasons? To add insult to injury UMA Davis stated in a grievance disposition to Institution Inspector, Linnea Mahlman that Administration investigation was going on in regards to a out dated conduct report that kept Johnson in Segregation for 40 days from 9/17/17-10/27/17. Then from 10/27/17 till 12/5/2017 both issues placed to her attention to provide supervision. I contacted this officer with fear that this administration has physically harmed me, constant threats are made to me by officers, these issues were addressed to her office, and in respond this officer stated no seperations can be placed by inmates from officers.

CLAIM 14. THE WARDEN AT SOCF HAS FALSELY PLACED INMATE JOHNSON NAME AND INMATE NUMBER IN OVER 80 CONDUCT REPORTS DEALING WITH GANG AND RIOT AT SOCF, WHEN JOHNSON WAS PLACED IN SEGREGATION BEFORE THESE EVENTS HAPPEND? JOHNSON WAS HELD IN SEGREGATION 40 DAYS THEN READ A CONDUCT REPORT ON NOVEMBER 29,2017 AFTER JOHNSON WAS PLACED IN SEGREGATION OCTOBER 27,2017 JOHNSON WAS NOT GIVEN HIS RIGHT TO HAVE THE CHARGING OFFICIAL AT THE HEARING AND WAS GRANTED 20 DAYS TIME SERVED WHEN I SPENT 40 DAYS?

## RELIEF

IN THIS SECTION PLEASE STATE (WRITE) BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT, CITE NO CASES OR STATUTES.

Johnson asks this court to grant him relief of $200.000 in punitive damages,$50.000 in compensatory damages to send a ~~message to all staff members who inhumanely treat or abuse~~ their authority to deprive inmates of their civil liberty, life interest under a pretended action unlawfully.
Johnson clearly shows this court that his civil rights and ~~Constitutional rights guaranteed by the Constitution has been violated, established by Federal and State law. Every staff~~ member has clearly personally allowed inappropriate supervision procedural due process, clearly established federal law, and direct participation in the unlawful acts. Retalliation, ~~discrimination is at the core of each claim submitted. The~~ acts began 3/1/17 and continued untill 12/4/17.
Johnson asked this Court for $250.000 in total, and a injunction of SOCF-Lucasville corrections.

SIGNED THIS 26 DAY OF December 20 17.

*Tyrone Johnson*
SIGNATURE OF PLAINTIFF